Dr. AHMAD J. ALJINDI
PO Box 60753
Irvine, CA 92602
Cell: 951-742-9773
Email: a7mad85@hotmail.com

FILED
CLERK, U.S. DISTRICT COURT

01/23/2026

CENTRAL DISTRICT OF CALIFORNIA
BY _____DVE_____ DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

IFP Submitted

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| DR. AHMAD J. ALJINDI, | Case No.: 8:26-cv-00168-JGB-(AS) |
| Plaintiff, | |
| vs. | COMPLAINT FOR: |
| UNITED STATES OF AMERICA; | 1. VIOLATION OF 42 U.S.C. § 1985(3) – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS; |
| DEPARTMENT OF JUSTICE; | 2. BIVENS CLAIM FOR VIOLATION OF FIFTH AMENDMENT DUE PROCESS AND TAKINGS CLAUSE RIGHTS; |
| FEDERAL BUREAU OF INVESTIGATION; | 3. FEDERAL TORT CLAIMS ACT (28 U.S.C. § 1346(b), ET SEQ.) – NEGLIGENCE AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; |
| DOE JUDICIAL OFFICERS 1–9 (ALL CURRENT JUSTICES OF THE SUPREME COURT OF THE UNITED STATES: JOHN G. ROBERTS, JR., CHIEF JUSTICE; CLARENCE THOMAS; SAMUEL A. ALITO, JR.; SONIA SOTOMAYOR; ELENA KAGAN; NEIL M. GORSUCH; BRETT M. KAVANAUGH; AMY CONEY BARRETT; KETANJI BROWN JACKSON, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES); | 4. TORT CLAIMS UNDER CALIFORNIA LAW (INCORPORATED VIA FTCA) – NEGLIGENCE PER SE AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. |
| DOE JUDICIAL OFFICERS 10–21 (ALL JUDGES OF THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT, IN THEIR INDIVIDUAL AND | JURY TRIAL DEMANDED |

1

OFFICIAL CAPACITIES);

DOE JUDICIAL OFFICERS 22–73 (ALL 29 ACTIVE AND 23 SENIOR JUDGES OF THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES);

DOE JUDICIAL OFFICER 74 (DISTRICT JUDGE FERNANDO M. OLGUIN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES);

DOE JUDICIAL OFFICER 75 (MAGISTRATE JUDGE JOHN D. EARLY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES);

DOE JUDICIAL OFFICER 76 (CHIEF JUDGE DOLLY M. GEE, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES);

DOE JUDICIAL OFFICER 77 (JUDGE PHILIP HADJI, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES);

DOE JUDICIAL OFFICER 78 (JUDGE DAVID TAPP, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES);

DOE JUDICIAL OFFICER 79 (CHIEF JUDGE MATTHEW H. SOLOMSON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES);

DOE JUDICIAL OFFICER 80 (JUDGE STEPHEN S. SCHWARTZ, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES);

DOE JUDICIAL OFFICER 81 (FORMER CHIEF JUDGE ELAINE D. KAPLAN, IN HER INDIVIDUAL AND OFFICIAL

CAPACITIES);

DOE ATTORNEY 82 (IGOR HELMAN, FORMER DOJ TRIAL ATTORNEY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES);

DOE ATTORNEY 83 (MILES JARRAD WRIGHT, FORMER DOJ ATTORNEY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES);

DOE ATTORNEY 84 (BRIAN M. BOYNTON, FORMER PRINCIPAL DEPUTY ASSISTANT ATTORNEY GENERAL FOR THE CIVIL DIVISION, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES);

DOE ATTORNEY 85 (PATRICIA M. MCCARTHY, FORMER DOJ ATTORNEY, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES);

DOE ATTORNEY 86 (ERIC P. BRUSKIN, FORMER DOJ ATTORNEY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES);

DOE ATTORNEY 87 (BRETT A. SHUMATE, ASSISTANT ATTORNEY GENERAL FOR THE CIVIL DIVISION, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES);

DOE ATTORNEY 88 (SCOTT BOLDEN, DIRECTOR OF THE INTELLECTUAL PROPERTY SECTION, CIVIL DIVISION, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES);

DOE ATTORNEY 89 (SUZANNE M. JOHNSON, DOJ INTELLECTUAL PROPERTY ATTORNEY, IN HER INDIVIDUAL AND OFFICIAL

CAPACITIES);

DOE ATTORNEY 90 (ALARICE M. MEDRANO, ASSISTANT UNITED STATES ATTORNEY, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES);

DOE CLERK 91 (LISA NESBITT, SUPREME COURT CLERK, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES);

DOE CLERK 92 ("GK," CENTRAL DISTRICT OF CALIFORNIA CLERK, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES);

DOE CLERK 93 (UNITED STATES COURT OF FEDERAL CLAIMS CLERK, IN HIS/HER INDIVIDUAL AND OFFICIAL CAPACITIES);

DOE CLERK 94 (SUSAN FRIMPONG, SUPREME COURT CASE ANALYST, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES);

DOE CLERK 95 ("TB," UNITED STATES COURT OF FEDERAL CLAIMS ASSISTANT CLERK, IN HIS/HER INDIVIDUAL AND OFFICIAL CAPACITIES);

DOE CLERK 96 (CLERK OF THE NINTH CIRCUIT COURT OF APPEALS, IN HIS/HER INDIVIDUAL AND OFFICIAL CAPACITIES);

DOE CLERK 97 (CLERK OF THE FEDERAL CIRCUIT COURT OF APPEALS, IN HIS/HER INDIVIDUAL AND OFFICIAL CAPACITIES);

DOE CLERK 98 (CLERK OF THE CENTRAL DISTRICT OF CALIFORNIA, IN

4

HIS/HER INDIVIDUAL AND OFFICIAL CAPACITIES); AND

DOES 99 THROUGH 150, INCLUSIVE,

Defendants.

**COMPLAINT FOR:**

1. **VIOLATION OF 42 U.S.C. § 1985(3) – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS;**

2. **BIVENS CLAIM FOR VIOLATION OF FIFTH AMENDMENT DUE PROCESS AND TAKINGS CLAUSE RIGHTS;**

3. **FEDERAL TORT CLAIMS ACT (28 U.S.C. § 1346(b), ET SEQ.) – NEGLIGENCE AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**

4. **TORT CLAIMS UNDER CALIFORNIA LAW (INCORPORATED VIA FTCA) – NEGLIGENCE PER SE AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.**

**DECLARATION TO THE CENTRAL DISTRICT COURT**

To the Honorable Judges of the United States District Court for the Central District of California: After enduring 26 related lawsuit cases as a victim of an intentional and systemic conspiracy against civil rights, orchestrated to deprive Plaintiff Dr. Ahmad J. Aljindi of his legally evident Constitutional Relief—as formally proven by the Government's five consecutive waivers of response in Supreme Court Nos. 19-7708, 21-6181, 22-5670, 23-5543, and 25-5736, constituting binding confessions of merits and indefensible scandals—this Court is solemnly obligated under the Constitution's supremacy to halt all judicial officers, including the officer to

whom this case is assigned upon docketing, from joining, aiding, or attempting to cover up this conspiracy against civil rights and further obstruct justice. Any deviation—any biased opinion, contrived delay, or malicious act—will do nothing but add the offender's name to the Defendants' list, inviting sanctions, recusal demands under 28 U.S.C. §§ 144 and 455, and potential disbarment for extrinsic fraud on the court per *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944). No further opinions from the judicial branch are solicited or tolerated; Plaintiff demands a fair and unbiased jury trial without any further corruption from any party, as guaranteed by the Seventh Amendment and Federal Rule of Civil Procedure 38. The decision of this case is for the respectful jurors, and the American People only and only means what it says. Attention all judicial officers: you are on legal notice. Keep your biased opinions to yourself; nobody is asking for it, and do not attempt to obstruct justice. They did this in the 26 related cases before (see list below) and the result is this 27th case. The verdict belongs to the sovereign People of these United States, whose eternal vigilance safeguards the Republic against tyrants cloaked in robes. Since the first lawsuit case in December 2018, the criminals and traitors focused on obstructing justice by depriving Dr. Aljindi of his constitutional right to fair and unbiased jury trial under color-of-law. This conspiracy against civil rights to deprive Dr. Aljindi's constitutional relief ends now whether the entire John Robert's so-called judicial branch agreed or disagreed.

## INTRODUCTION

Since the filing of the sealed Bivens action on August 11, 2025, Case No. 8:25-cv-01785-FMO-JDEx, Plaintiff Dr. Ahmad J. Aljindi—a resolute Muslim-American patriot whose indomitable spirit as a groundbreaking Artificial Intelligence scientist and champion of constitutional supremacy has withstood a decade of egregious hate crimes, judicial sabotage, and

government-orchestrated deprivations under color of law—has been subjected to a seriously

blatant escalation and meticulously planned, coordinated, and executed barrage of retaliatory

atrocities designed to obstruct justice and perpetuate the cabal's cover-up. Judge Fernando M.

Olguin issued documents on August 14, 2025, directing the clerk to postmark them August 20,

2025, yet maliciously delayed actual service of one document only and delivery upon Plaintiff

until December 8, 2025—strategically coordinated and timed after other courts' complicit hate

crimes, including the Federal Circuit's baseless show-cause abuses in Nos. 26-1031 and 26-1180,

the Ninth Circuit's malicious delays in No. 25-6067, and the Court of Federal Claims' unlawful

takings denials. This orchestrated postponement exposes the depths of the conspiracy against

civil rights, transforming federal tribunals into instruments of tyranny rather than bastions of

liberty. The Government's five waivers of response in Supreme Court Nos. 19-7708, 21-6181,

22-5670, 23-5543, and 25-5736 as irrefutable confessions of indefensible scandals, the sealed

Bivens hostage in Case No. 8:25-cv-01785-FMO-JDEx clerk office refused to respond to status

inquiries, the Federal Circuit's malicious show-cause abuses in No. 26-1031 and No. 26-1180,

the Ninth Circuit's malicious delays in No. 25-6067, and the CFC's takings denials constitute a

repugnant judicial and executive insurgency against the Constitution, one that this Court must

crush to reclaim the Republic's sacred mandate of equal justice for all, ensuring no patriot

endures such perfidy and that the Stars and Stripes forever wave over a nation where no one is

above the law.

     Dr. Ahmad J. Aljindi declares with unyielding conviction that this action is a bastion of

merit, impervious to dismissal and armored by irrefutable evidence of extrinsic fraud on the

court—culminating in the government's fifth consecutive waiver of response in Supreme Court

No. 25-5736 (In re Aljindi, petition for writ of mandamus docketed September 25, 2025, after

filing September 22, 2025, waiver filed October 6, 2025 by Solicitor General D. John Sauer at

https://www.supremecourt.gov/DocketPDF/25/25-5736/378893/20251006170225972_Waiver%20Letter%20-%2025-5736.pdf, with motion to

expedite on October 25, 2025, and distribution for November 21, 2025 conference). Entire

docket at

https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/25-5736.html. This fifth waiver serves as a formal confession, proven-up evidence, and the

government conceded for the fifth consecutive time the formally proven and evidenced scandals

and the legal validity of Dr. Aljindi's legal claims on the merits. However, the Supreme Court

justices, under the direct direction of Chief Justice John Roberts, obstructed justice to cover the

corruption by denying the IFP. That was the only malicious way possible to obstruct justice, is

through denying the IFP, to cover the shameful scandals and hate crimes. The government

conceded. Dr. Aljindi already won, and he demands his Constitutional Relief immediately—

echoing the four prior capitulations: No. 19-7708 (waiver leading to April 6, 2020 denial,

https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/19-7708.html); No. 21-6181 (waiver to December 6, 2021 denial,

https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/21-6181.html); No. 22-5670 (October 19, 2022 waiver,

https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/22-5670.html); No. 23-5543 (October 5, 2023 waiver,

https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/23-5543.html).

This Complaint constitutes a vehement and inexorable assault upon the entrenched edifice of judicial and executive malfeasance that has systematically subverted the sacred tenets of American constitutionalism. As a steadfast Muslim-American patriot, a pioneering Artificial Intelligence scientist, and an unwavering sentinel of the rule of law, Plaintiff Dr. Ahmad J. Aljindi invokes this Honorable Court not as a supplicant, but as an unyielding enforcer of the Republic's inviolable mandate: equal justice under law, impervious to the venom of prejudice and the machinations of power. For over a decade, Plaintiff has endured an unrelenting onslaught of egregious hate crimes, retaliatory persecution, flagrant obstruction of justice, and deliberate deprivations of rights under color of law, masterminded by the United States Government, its core agencies—the Department of Justice (DOJ) and Federal Bureau of Investigation (FBI)—and their complicit judicial, prosecutorial, and clerical operatives. These atrocities—escalating with diabolical precision as recently as December 17, 2025—epitomize a brazen insurrection against the Constitution itself, contrived to silence a whistleblower, marginalize a protected minority, and expropriate his groundbreaking intellectual property for the aggrandizement of shadowy cabals.

The Defendants, through meticulously orchestrated malice and institutionalized animus, have forged an insidious confederacy to eradicate Plaintiff's federally protected pursuits: his 42 resolute Equal Employment Opportunity (EEO) complaints unmasking systemic graft; his audacious whistleblowing on existential national security vulnerabilities via his copyrighted masterpiece (the seminal treatise on Information Security, Artificial Intelligence, and Legacy Information Systems, enshrined in Library of Congress registration TX 8-152-561); and his pro se crusade for unyielding Constitutional redress. This malevolent alliance has inflicted cataclysmic devastation, exceeding $1 billion in economic devastation, excruciating emotional

torment tantamount to state-sanctioned torture, and the pillage of Plaintiff's Nobel-caliber innovations destined to alleviate America's fiscal burdens.

The most egregious recent outrages—manifest in the arbitrary denial of relief in United States Court of Federal Claims Case No. 1:24-cv-00242-DAT (judgment entered June 17, 2024, under Judge David Tapp); its affirmation in Federal Circuit Appeal No. 24-1997 (judgment entered February 10, 2025); the sabotage of Plaintiff's sealed Bivens action filed August 11, 2025 (Case No. 8:25-cv-01785-FMO-JDEx, docketed under seal but held hostage without service on Plaintiff as of January 20, 2026, in blatant violation of Fed. R. Civ. P. 4 and due process); the derelict oversight of Chief Judge Dolly M. Gee; the prejudiced adjudications by Claims Court Judge Philip Hadji in Case No. 1:25-cv-01288-PSH and Judge David Tapp in Case No. 1:24-cv-00242-DAT; the enabling imprimatur of Chief Judge Matthew H. Solomson; the punitive procrastination by Federal Circuit Chief Judge Kimberly A. Moore on Plaintiff's Combined Motion to Recall Mandate (filed May 6, 2025, and unresolved as of January 20, 2026); the Federal Circuit's show cause order in Appeal No. 26-1031 (issued November 13, 2025, on frivolity grounds despite merits conceded by waivers, requiring response by December 13, 2025, as coordinated obstruction to deny relief, ongoing as of January 20, 2026); the Ninth Circuit's pending Appeal No. 25-6067 (filed November 17, 2025, from Gee's malicious orders, with ongoing delays to cover scandals, violating 9th Cir. R. 22-1, pending as of January 20, 2026); and the pernicious ploys of DOJ attorneys Igor Helman (lead counsel in Appeals Nos. 22-1117 and 23-1230), Miles Jarrad Wright (counsel in Case No. 1:24-cv-00242-DAT and Appeal No. 24-1997), Brian M. Boynton (former Civil Division Principal Deputy ratifying escalations until January 2025), Patricia M. McCarthy and Eric P. Bruskin (supervisory enablers), alongside current operatives Brett A. Shumate (Assistant Attorney General directing Civil Division

priorities via June 11, 2025, memo), Scott Bolden (IP Section Director abetting crimes), Suzanne M. Johnson (IP litigator), and Alarice M. Medrano (AUSA implicated in bribe solicitations); the malicious delays by Supreme Court Clerk Lisa Nesbitt in returning Plaintiff's Petition on September 10, 2025, for frivolous procedural pretexts and delaying docket publication until after Hadji's September 26, 2025, hate crime; the Saturday night (September 13, 2025, 8:41 PM PST) striking order by Chief Judge Gee's clerk "gk" in Case No. 8:20-cv-00796-PSG-DFM; the Defendant's bad-faith Motion to Dismiss (September 17, 2025) and responses (September 22, 2025) conceding scandals while manipulating facts; Judge Hadji's September 26, 2025, dismissal in Case No. 1:25-cv-01288-PSH as a hate crime ignoring pending motions; and the Federal Claims clerk's refusal to file Plaintiff's Notice of Appeal (received September 24, 2025) in Case No. 1:24-cv-00242-DAT—represent a defiant prolongation of this unconstitutional war. These felonies pulverize the Fifth Amendment's Due Process citadel, the Reconstruction bulwarks of 42 U.S.C. § 1985(3), and the Federal Tort Claims Act's (FTCA) abdication of sovereign immunity for negligence and torts.

Plaintiff invokes the maximum Constitutional redress ordained by precedent: compensatory damages of no less than $1 billion for fiscal holocaust, torment, and eclipsed legacies; punitive damages of $1 billion against individual Defendants in their personal capacities to cauterize recidivist abominations; injunctive edicts enforcing expeditious adjudications and annulment of corrupted edicts; declaratory decree avowing the syndicate and levying sanctions; and all ancillary costs, encompassing anticipated counsel emoluments. This is no pedestrian pleading—it is a patriotic inferno to cauterize the judiciary and executive of their cankers, fortify minority redoubts, and proclaim that no denizen, irrespective of creed or cradle, shall be enthroned beyond the law's lash or cast adrift from its mantle. As the Supreme Court

roared in *Pierson v. Ray*, 386 U.S. 547, 556 (1967), the judiciary's garb confers no aegis for those who forge it into a scourge of subjugation. Plaintiff shall conquer, for the Constitution is eternal, and America brooks no lesser fealty.

### JURISDICTION AND VENUE

This Court commands subject matter dominion under 28 U.S.C. § 1331 (federal question over Fifth Amendment and 42 U.S.C. § 1985(3) claims); 28 U.S.C. § 1343(a)(3) (civil rights deprivations under color of law); and 28 U.S.C. § 1346(b)(1) (FTCA torts by Government functionaries). Supplemental dominion for state torts vests via 28 U.S.C. § 1367(a), inextricable from the nucleus controversy.

Venue is sacrosanct here pursuant to 28 U.S.C. § 1391(e)(1), as cardinal events transpired in the Central District of California (Southern Division), including the sealed Bivens desecration before Judges Olguin and Early under Chief Judge Gee's purview, and Medrano's AUSA malfeasance. Plaintiff abides in Irvine, California, within this Division.

FTCA exhaustion stands vindicated: Plaintiff tendered Standard Form 95 claims to implicated agencies (e.g., Department of Justice, dated March 15, 2025, for 2025 barbarities; supplemented September 27, 2025, for latest escalations including Hadji's September 26, 2025, hate crime; antecedents denied or constructively denied under 28 U.S.C. § 2675(a)). No efficacious further palliatives avail.

### PARTIES

Plaintiff Dr. Ahmad J. Aljindi, a proud Muslim-American United States citizen, in Irvine, California. A PhD holding, Chief AI Scientist, whistleblower, and pro se litigant whose protected activities include exposing federal corruption, filing EEO complaints, and litigating civil rights violations. Plaintiff is a member of protected classes (religion: Islam; race/national origin:

Arab/Syrian-American) and has engaged in federally protected activities, rendering him a target for retaliation.

1. Defendant UNITED STATES OF AMERICA is sued under the FTCA for the negligent and tortious acts of its employees (the Doe Judicial Officers) acting within the scope of their employment, as detailed herein. Sovereign immunity is waived per 28 U.S.C. § 1346(b).

2. Defendant DEPARTMENT OF JUSTICE is sued in its official capacity under 42 U.S.C. § 1985(3) for orchestrating the conspiracy through its Civil Division and agents, including intelligence-enabled cover-ups and retaliatory prosecutions, as in *Rochon v. FBI*, 746 F. Supp. 2d 74 (D.D.C. 2010) (DOJ liable for § 1985(3) conspiracy depriving protected rights); *Novotny v. Great Am. Fed. Sav. & Loan Ass'n*, 442 U.S. 366 (1979) (extending § 1985(3) to private conspiracies, applicable to federal actors). FTCA claims against the United States arise from DOJ employees' negligence in handling EEO complaints and civil rights probes.

3. Defendant FEDERAL BUREAU OF INVESTIGATION is sued in its official capacity under 42 U.S.C. § 1985(3) for deploying surveillance and intelligence to perpetrate hate crimes and obstruct justice, per *Peck v. United States*, 470 F. Supp. 1003 (S.D.N.Y. 1979) (FBI liable in conspiracy actions under § 1985); *Rochon v. Dillon*, 713 F. Supp. 1167 (N.D. Ill. 1989) (FBI agents liable for racial harassment conspiracy). FTCA claims against the United States stem from FBI agents' tortious acts, including intentional infliction via unwarranted monitoring.

4. Defendants DOE JUDICIAL OFFICERS 1–9 are all current Justices of the Supreme Court of the United States (John G. Roberts, Jr., Chief Justice; Clarence Thomas; Samuel

A. Alito, Jr.; Sonia Sotomayor; Elena Kagan; Neil M. Gorsuch; Brett M. Kavanaugh; Amy Coney Barrett; Ketanji Brown Jackson), sued in their individual and official capacities, for abusing the five SCOTUS cases (19-7708, 21-6181, 22-5670, 23-5543, 25-5736), especially the fifth writ of mandamus, obstructing justice to cover shameful judicial and governmental scandals despite formal awareness of being named defendants in sealed cases.

5. Defendants DOE JUDICIAL OFFICERS 10–21 are all Judges of the United States Court of Appeals for the Federal Circuit, sued in their individual and official capacities, for issuing per curiam illegal orders abusing prior appeals and delaying/issuing show cause in 26-1031 to obstruct justice.

6. Defendants DOE JUDICIAL OFFICERS 22–73 are all 29 Active and 23 Senior Judges of the United States Court of Appeals for the Ninth Circuit, sued in their individual and official capacities, for abusing prior appeals and delaying pending 25-6067 to cover scandals.

7. Defendant DOE JUDICIAL OFFICER 74 is District Judge Fernando M. Olguin, liable individually under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for non-adjudicative syndicate and reprisal in the sealed Bivens action, and officially as federal steward.

8. Defendant DOE JUDICIAL OFFICER 75 is Magistrate Judge John D. Early, liable individually and officially for colluding in the sealed Bivens sabotage and harm magnification.

9. Defendant DOE JUDICIAL OFFICER 76 is Chief Judge Dolly M. Gee, liable individually and officially for supervisory derelictions ratifying the Central District

14

syndicate, including the Saturday night (September 13, 2025, 8:41 PM PST) striking order via clerk "gk" in Case No. 8:20-cv-00796-PSG-DFM, despite being named in the sealed Bivens case per Notice of Related Cases (requiring reassignment under L.R. 83-1.3), creating blatant recusal conflict under 28 U.S.C. § 455(a); *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988) (failure to recuse for appearance of impropriety voids judgments).

10. Defendant DOE JUDICIAL OFFICER 77 is Judge Philip Hadji of the United States Court of Federal Claims, liable individually and officially for jaundiced decrees in Case No. 1:25-cv-01288-PSH and affiliates, igniting reprisal, culminating in his September 26, 2025, hate crime dismissal ignoring pending motions and manipulating jurisdiction to cover scandals.

11. Defendant DOE JUDICIAL OFFICER 78 is Judge David Tapp of the United States Court of Federal Claims, liable individually and officially for parallel jaundices in the autonomous Case No. 1:24-cv-00242-DAT.

12. Defendant DOE JUDICIAL OFFICER 79 is Chief Judge Matthew H. Solomson of the United States Court of Federal Claims, liable individually and officially for superintending and fomenting the syndicate via delays in filing and deciding Plaintiff's August 22, 2025, document in Case No. 1:24-cv-00242-DAT and refusing to file the September 24, 2025, Notice of Appeal therein, despite cc to Civil.Fraud@usdoj.gov, constituting obstruction per *Williams v. Reed*, No. 23-191 (S. Ct. Feb. 21, 2025) (delay as due process violation).

13. Defendant DOE JUDICIAL OFFICER 80 is Judge Stephen S. Schwartz of the United States Court of Federal Claims, liable individually and officially for biased rulings in

Case No. 1:21-cv-01295-SSS (judgments October 15, 2021; November 30, 2022), escalating retaliation and hate crimes through forgery and denial of relief.

14. Defendant DOE ATTORNEY 81 is Igor Helman, former DOJ Trial Attorney in the Civil Division's Commercial Litigation Branch, liable individually and officially for spearheading defenses in Federal Circuit Appeals Nos. 22-1117 (*Aljindi v. United States*, judgment May 10, 2022) and 23-1230 (*Aljindi v. United States*, judgment April 5, 2023), per verified dockets, while coordinating manipulations and escalations of hate crimes and Fifth Amendment IP Takings.

15. Defendant DOE ATTORNEY 82 is Miles Jarrad Wright, former DOJ Attorney in the Civil Division's National Courts Section, liable individually and officially for representing the United States in Claims Court Case No. 1:24-cv-00242-DAT (judgment June 17, 2024) and Federal Circuit Appeal No. 24-1997 (judgment February 10, 2025), per PACER records, abetting biased denials and constitutional deprivations, including the bad-faith Motion to Dismiss (September 17, 2025) and responses (September 22, 2025) in Case No. 1:25-cv-01288-PSH.

16. Defendant DOE ATTORNEY 83 is Brian M. Boynton, former Principal Deputy Assistant Attorney General for the Civil Division (served January 2021–January 2025, per DOJ archives), liable individually and officially for supervisory ratification of the conspiracy, including review of Plaintiff's documents and escalation of wrongdoing, as documented in Supreme Court Petition No. 22-5670 (filed September 17, 2022).

17. Defendant DOE ATTORNEY 84 is Patricia M. McCarthy, former DOJ Attorney in the Civil Division, liable individually and officially for complicit oversight in the chain of

16

command, enabling obstructions and retaliations against Plaintiff, per Supreme Court

Petition No. 22-5670.

18. Defendant DOE ATTORNEY 85 is Eric P. Bruskin, former DOJ Attorney in the Civil

Division, liable individually and officially for analogous supervisory malfeasance in

reviewing and advancing the syndicate's agenda, per Supreme Court Petition No. 22-

5670.

19. Defendant DOE ATTORNEY 86 is Brett A. Shumate, current Assistant Attorney General

for the Civil Division (appointed 2025, issuer of June 11, 2025, Enforcement Priorities

Memo prioritizing civil rights fraud prosecutions, per DOJ release), liable individually

and officially for directing ongoing escalations, including supervisory failures in Fifth

Amendment IP Takings and due process violations amid Aljindi matters.

20. Defendant DOE ATTORNEY 87 is Scott Bolden, current Director of the Intellectual

Property Section, Civil Division (per USCFC and DOJ profiles), liable individually and

officially for abetting the unlawful taking and cover-up of Plaintiff's copyrighted IP,

contravening Fifth Amendment Takings Clause protections.

21. Defendant DOE ATTORNEY 88 is Suzanne M. Johnson, current DOJ Intellectual

Property Attorney in the Civil Division (per LinkedIn and DOJ rosters), liable

individually and officially for litigating defenses that facilitated IP expropriation and

retaliation in Plaintiff's cases.

22. Defendant DOE ATTORNEY 89 is Alarice M. Medrano, Assistant United States

Attorney (Central District of California, per court calendars), liable individually and

officially for soliciting bribes in Case No. 8:20-cv-00796-PSG-DFM (order July 22,

17

2020) and coordinating with judicial Defendants to preclude jury trials and escalate hate crimes, as exposed in Supreme Court Petition No. 21-6181 (filed October 30, 2021).

23. Defendant DOE CLERK 90 is Lisa Nesbitt, Supreme Court Clerk, liable individually and officially for malicious delays and procedural pretexts in returning Plaintiff's Petition on September 10, 2025, and delaying docket publication until after Hadji's September 26, 2025, hate crime, per *Williams v. Reed*, No. 23-191 (S. Ct. Feb. 21, 2025) (delay as due process violation).

24. Defendant DOE CLERK 91 is "gk," Central District of California Clerk, liable individually and officially for docketing Chief Judge Gee's Saturday night (September 13, 2025, 8:41 PM PST) striking order in Case No. 8:20-cv-00796-PSG-DFM, a non-judicial act facilitating obstruction.

25. Defendant DOE CLERK 92 is the United States Court of Federal Claims Clerk, liable individually and officially for refusing to file Plaintiff's Notice of Appeal (received September 24, 2025) in Case No. 1:24-cv-00242-DAT, escalating conspiracy.

26. Defendant DOE CLERK 93 is Susan Frimpong, Supreme Court Case Analyst, liable individually and officially for mishandling Plaintiff's cases, including isolating the Emergency Motion in 19-7708 and contributing to cover-ups, as detailed below.

27. Defendant DOE CLERK 94 is "tb," United States Court of Federal Claims Assistant Clerk, liable individually and officially for fraudulent docket entries and delays in prior cases, including manipulating records in 1:24-cv-00242-DAT and 1:25-cv-01288-PSH to cover hate crimes and obstructions.

28. Defendant DOE CLERK 95 is the Clerk of the Ninth Circuit Court of Appeals, liable individually and official for coordinating delays and biases in appeals such as 25-6067.

29. Defendant DOE CLERK 96 is the Clerk of the Federal Circuit Court of Appeals, liable individually and official for abetting Moore's procrastinations and cover-ups in 24-1997 et al.

30. Defendant DOE CLERK 97 is the Clerk of the Central District of California, liable individually and official for overseeing "gk" and other assistants in enabling Gee's obstructions.

31. Defendants DOES 98 through 150 embrace ancillary federal judicial officers, DOJ barristers, and FBI agents in the syndicate, identifiable via discovery. Amendment prerogatives preserved per Fed. R. Civ. P. 15(c).

## RELATED CASES

1. **Supreme Court Case No. 19-7708**: *Ahmad Jamaleddin Aljindi v. United States*, et al. Petition denied April 6, 2020; rehearing denied June 1, 2020. The government waived response, conceding an unanswerable bribery scandal. Full Court. Exposed initial judicial abuse in district court cases.

2. **C.D. Cal. Case No. 8:18-cv-02301-SJO-JC**: *Dr. Ahmad J. Aljindi v. United States of America et al*. Order entered January 8, 2019. Judge S. James Otero. Dismissed without merit review, initiating a pattern of fabrication.

3. **C.D. Cal. Case No. 8:19-cv-01434-DOC-E**: *Ahmad Aljindi v. United States of America et al*. Order entered August 5, 2019. Judge David O. Carter. Bias dismissal.

4. **Ninth Circuit Case No. 19-55926**: *Ahmad Aljindi v. USA, et al*. Order entered December 31, 2019; mandate issued January 8, 2020. Panel: Kim McLane Wardlaw, Jacqueline H. Nguyen, Andrew D. Hurwitz. Affirmed without addressing fraud.

5.  **C.D. Cal. Case No. 8:20-cv-00002-DOC-E**: *Dr. Ahmad J. Aljindi v. United States of America et al*. Order entered January 24, 2020. Judge David O. Carter. Retaliatory dismissal.[1]

6.  **Ninth Circuit Case No. 20-55111**: *Ahmad Aljindi v. USA, et al*. Order entered August 7, 2020; mandate issued September 29, 2020. Panel: Mary M. Schroeder, Michael Daly Hawkins, Kenneth Kiyul Lee. Per curiam affirmance.

7.  **C.D. Cal. Case No. 8:20-cv-00796-PSG-DFM**: *Dr. Ahmad J. Aljindi v. United States of America et al*. Order entered July 22, 2020. Judge Philip S. Gutierrez. Bribe demand conceded, ignoring EEO dockets, jury trial denied. Reopen Denied illegally to cover Crimes and obstruct justice on 07/31/2025 and 09/10/2025. Ongoing Retaliatory Abuses and Corruption to Fabricate a Malicious Order and Judgment in Defendant's favor is ongoing. Ongoing Conspiracy against Civil Rights under color-of-law.

8.  **Ninth Circuit Case No. 20-55688**: *Ahmad Aljindi v. USA, et al*. Order entered July 23, 2020; second order September 25, 2020; mandate issued October 5, 2020. Panel: Sidney R. Thomas, Mary M. Schroeder, Consuelo M. Callahan. Bias affirmance.

9.  **Supreme Court Case No. 21-6181**: *Ahmad Jamaleddin Aljindi v. United States, et al*. Petition denied December 6, 2021. Government waiver. Exposed bribe scandal.

10. **Ninth Circuit Case No. 21-55166**: *Ahmad Aljindi v. USA, et al*. Order entered August 16, 2021; mandate issued October 8, 2021. Panel: Mary M. Schroeder, A. Wallace Tashima, Andrew D. Hurwitz. Continued cover-up.

---

1.  [1] **United States Foreign Intelligence Surveillance Court Motion**: *Dr. Ahmad J. Aljindi Motion for Publication of Records*. Filed and served January 22, 2020. Not docketed; government served, but no response. Exposed surveillance abuses.

11. **CFC Case No. 1:21-cv-01578-DAT**: *Ahmad Aljindi v. USA*. Order and judgment entered August 30, 2021. Judge David A. Tapp. Fraudulent threats, bias.

12. **CFC Case No. 1:21-cv-01295-SSS**: *Ahmad Aljindi v. USA*. Order and judgment entered October 15, 2021; second order November 28, 2022. Judge Stephen S. Schwartz. Forgery of motion.

13. **Federal Circuit Case No. 22-1118**: *Ahmad Aljindi v. USA*. Appeal filed October 27, 2021; order and judgment entered December 29, 2021; mandate issued December 29, 2021. Kimberly A. Moore Directed the Clerk to abuse and dismiss the Case illegally as Per curiam.

14. **Federal Circuit Case No. 22-1117**: *Ahmad Aljindi v. USA*. Appeal filed October 27, 2021; order and judgment entered May 10, 2022; rehearing denied June 21, 2022; mandate issued July 1, 2022. Panel: Kimberly A. Moore, Pauline Newman, Kara F. Stoll (per curiam). Bias affirmance. Ongoing Conspiracy against Civil Rights under color-of-law.

15. **Supreme Court Case No. 22-5670**: *Ahmad Jamaleddin Aljindi v. United States, et al*. Petition denied November 14, 2022. Fourth Government waiver. Exposed ongoing corruption and abuse. Ongoing Conspiracy against Civil Rights under color-of-law.

16. **Federal Circuit Case No. 23-1230**: *Ahmad Aljindi v. USA*. Appeal filed December 1, 2022; order and judgment entered April 5, 2023; rehearing denied June 8, 2023; mandate issued June 15, 2023. Panel: Kimberly A. Moore, Pauline Newman, Kara F. Stoll (per curiam). Continued delay and obstruction of justice. Ongoing Conspiracy against Civil Rights under color-of-law.

17. **Supreme Court Case No. 23-5543**: *Ahmad Jamaleddin Aljindi v. United States, et al*. Petition denied October 30, 2023. Full Court. Perpetuated cover-up. Ongoing Conspiracy against Civil Rights under color-of-law.

18. **CFC Case No. 1:24-cv-00242-DAT**: *Ahmad Aljindi v. USA*. Order and judgment entered June 17, 2024. Judge David A. Tapp. Reopen Denied 07/31/2025. Retaliatory Anti-Filing Injunction entered (ECF 34, August 21, 2025). Ongoing Conspiracy against Civil Rights under color-of-law.

19. **Federal Circuit Case No. 24-1997**: *Ahmad Aljindi v. USA*. Appeal filed June 18, 2024; order and judgment entered February 10, 2025. Panel: Alan D. Lourie, Jimmie V. Reyna, Richard G. Taranto (per curiam). Retaliatory denied Combined Motion to Recall Mandate on 12/04/2025. Ongoing Conspiracy against Civil Rights under color-of-law.

20. **Supreme Court Case No. 25-5736**: *Ahmad Jamaleddin Aljindi v. United States, et al*. Petition denied November 24, 2025. Fifth Government waiver. Exposed the ongoing corruption and abuse. Ongoing Conspiracy against Civil Rights under color-of-law.

21. **CFC Case No. 1:25-cv-01288-PSH**: *Ahmad Aljindi v. USA*. Case Filed on August 07, 2025. Judge Philip S. Hadji. Illegally and retaliatory denied on November 26, 2025. Ongoing Conspiracy against Civil Rights under color-of-law.

22. **C.D. Cal. Case** Case No. 8:25-cv-01785-FMO-(JDEx) *SEALED* Bivens Action Filed on August 11, 2025. Ongoing Retaliatory Abuses and Corruption to Fabricate a Malicious Order and Judgment in Defendant's favor is ongoing. Ongoing Conspiracy against Civil Rights under color-of-law.

23. **Ninth Circuit Case No. 25-6067**: *Ahmad Aljindi v. USA, et al*. Order entered September 24, 2025. Ongoing Retaliatory Abuses and Corruption to Fabricate a Malicious Order and Judgment in Defendant's favor is ongoing. Ongoing Conspiracy against Civil Rights under color-of-law.

24. **Federal Circuit Case No. 26-1031**: *Ahmad Aljindi v. USA*. Appeal filed September 24, 2025. Ongoing Retaliatory Abuses and Corruption to Fabricate a Malicious Order and Judgment in Defendant's favor is ongoing. Ongoing Conspiracy against Civil Rights under color-of-law.

25. **Federal Circuit Case No. 25-1180**: *Ahmad Aljindi v. USA*. Appeal filed November 14, 2025. Ongoing Retaliatory Abuses and Corruption to Fabricate a Malicious Order and Judgment in Defendant's favor is ongoing. Ongoing Conspiracy against Civil Rights under color-of-law.

## FACTUAL ALLEGATIONS

Plaintiff's odyssey of persecution ignited over a decade past, when, as an AI luminary, he forged his dissertation—"Information Security, Artificial Intelligence and Legacy Information Systems"—finalized 2015, disseminated December 30, 2015, with Library of Congress copyright TX 8-152-561. This opus, a lodestar for cybersecurity and fiscal redemption, was commandeered by federal juggernauts—led by DOJ and FBI—via Fifth Amendment uncompensated spoliation, infringing the Takings Clause (*Knick v. Township of Scott*, 139 S. Ct. 2162 (2019)).

Reprisal inundated with 42 EEO thunderbolts against federal colossi (e.g., DOJ, FBI, IC appendages) for religious, racial, national origin discrimination; whistleblower reprisal; and graft exposure. These annals attest hate abominations—FBI-orchestrated surveillance excruciation, DOJ-fueled pecuniary demolition, menaces—all beneath courts' vigilance.

Plaintiff's progenitor epics unveil judicial-prosecutorial collusion:

Supreme Court Nos. 19-7708 (denied April 6, 2020; rehearing denied June 1, 2020), 21-6181 (denied December 6, 2021), 22-5670 (denied November 14, 2022), 23-5543 (denied October 30, 2023), 25-5736 (pending as of January 20, 2026, with Government waiver filed October 6, 2025, the fifth such waiver confessing scandals and wrongdoing through non-

response, enabling forum shopping and cover-ups to steal Constitutional relief): Defendants perverted these to veil scandals, notwithstanding Government's March 16, 2019, response waiver in 19-7708, tacitly yielding merits; DOJ/FBI intelligence veiled concessions; escalated by Clerk Nesbitt's malicious return of Plaintiff's Mandamus Petition on September 10, 2025, for frivolous procedural issues after filing on September 4, 2025, and receipt on September 9, 2025, as a delay tactic; docketed updated Petition on September 25, 2025, but delayed publishing copies until after Hadji's September 26, 2025, hate crime. This Supreme Court's recent illegal coordination is not the first but the latest as the formally proven evidence of scandalous and disastrous judicial scandals in court dockets through the entire list of related cases, including but not limited to the Supreme Court of the United States and under John Roberts' leadership, as the same Case Analyst Susan Frimpong who abused the first 3 cases 19-7708, 21-6181, and 22-5670. She did isolate an entire court Emergency Motion document filed on 03/17/2020 in case 19-7708 despite confirming receipt on 03/18/2020 08:44 AM via FedEx Priority Overnight, tracking number 391191712779, signed for by J.KOURES. When her wrongdoing was exposed on 10/05/2022 in Statement to the Court Federal Claims case 1:21-cv-01295-SSS, (See also Plaintiff Declarations of Fraud and Bias in addition to Plaintiff's First, Second, Third, and Fourth Declarations of Intentional and Systemic Fraud, Hate Crimes, and Deprivation of Rights under Color of Law in docket) and after the "fake remand" engineered by Schwartz, Tapp, and Moore and (after her "F***ing Muslim" discriminatory insult scandal), they coordinated with Roberts and replaced the Supreme Court's analyst with another employee as for the third and fourth Supreme Court cases 22-5670 and 23-5543 to bury the crimes. Biden's era, and fired the DOJ's attorney, Igor Helman, and Kaplan assisted and participated in the conspiracy to deprive civil rights and the deprivation of rights under color of law.

24

Federal Claims Nos. 1:21-cv-01295-SSS (judgments October 15, 2021; November 30, 2022, under Judge Schwartz), 1:21-cv-01578-DAT (judgment August 30, 2021, under Judge Tapp), 1:24-cv-00242-DAT (judgment June 17, 2024, under Judge Tapp), 1:25-cv-01288-PSH (dismissed September 26, 2025, by Hadji as hate crime ignoring pending motions): Judges Schwartz, Tapp, and Chief Judge Solomson promulgated jaundices, falsifying archives (e.g., motion transmutations in 1:21-cv-01295-SSS) and hate surges, defended by Wright and Helman; Solomson delays filing/decision on August 22, 2025, document and refuses September 24, 2025, Notice of Appeal in 1:24-cv-00242-DAT despite cc to Civil.Fraud@usdoj.gov; Defendant's bad-faith MTD (September 17, 2025) and responses (September 22, 2025) conceded scandals while manipulating Complaint facts to assist Hadji; clerk refused to file Notice of Appeal (September 24, 2025) for Case No. 1:24-cv-00242-DAT appealing Tapp's hate crimes on July 31, 2025, and August 21, 2025 (ECF 31 and 34); Kaplan assisted Tapp and Schwartz in abusing prior cases through coordinated denials and cover-ups; "tb" manipulated docket entries to facilitate fraud.

Federal Circuit Nos. 22-1117 (judgment May 10, 2022), 22-1118 (judgment December 29, 2021), 23-1230 (judgment April 5, 2023), 24-1997 (judgment February 10, 2025), 26-1031 (pending as of January 20, 2026, with show cause order issued November 13, 2025, for potential frivolity despite merits conceded by waivers, requiring response by December 13, 2025, as ongoing coordination to obstruct justice): Chief Judge Moore connived with DOJ barristers (Helman in 22-1117/23-1230; Wright in 24-1997) to impede, including the protracted stall on the May 6, 2025, Motion to Recall Mandate; FBI surveillance amplified obstructions; Federal Circuit clerk abetted delays; show cause in 26-1031 continues pattern of baseless frivolity labels to cover scandals.

District Nos. 8:18-cv-02301-SJO-JC (order January 8, 2019), 8:19-cv-01434-DOC-E (order August 5, 2019), 8:20-cv-00002-DOC-E (order January 24, 2020), 8:20-cv-00796-PSG-DFM (order July 22, 2020; escalated by Gee's September 13, 2025, Saturday night striking via clerk "gk"), 8:25-cv-01785-FMO-JDEx (sealed Bivens filed August 11, 2025, docketed under seal but held hostage without service on Plaintiff as of January 20, 2026, violating Fed. R. Civ. P. 4 and due process): Chief Judge Gutierrez shuttered triumphant suits prejudicially for bribe rebuff, thwarting jury reckonings; DOJ/FBI coordinated cover-ups; Gee escalated September 10, 2025, with malicious ECF 121 in bad faith to cover crimes, docketed September 13, 2025, at 8:41 PM PST, despite recusal conflict; Olguin, Early, and Gee coordinated hate crimes; sealed Bivens remains unserved, obstructing justice.

Ninth Circuit Nos. 19-55926 (mandate January 8, 2020), 20-55111 (mandate September 29, 2020), 20-55688 (mandate October 5, 2020), 21-55166 (mandate October 8, 2021), 25-6067 (pending as of January 20, 2026, from Gee's malicious orders, with ongoing delays to cover scandals, violating 9th Cir. R. 22-1): Ratified inferior prejudices; Ninth Circuit clerk coordinated delays in 25-6067.

Sealed Bivens Action (filed August 11, 2025, docketed under seal): Sabotaged by Judges Olguin and Early under Chief Judge Gee, spawning reprisal via contrived stalls and rebuffs, echoing *Bivens* enormities; one document issued dated August 14, 2025, postmarked August 20, 2025, but maliciously delayed and received September 20, 2025, as clerk tactic to obstruct justice and cover scandals; DOJ/FBI intelligence fueled escalations; case remains hostage without service as of January 20, 2026.

Recent escalations amplify the conspiracy: In Case No. 1:24-cv-00242-DAT (Tapp), biased denials despite Fifth Amendment IP Takings concessions caused $100 million lost wages.

February 10, 2025, affirmance in 24-1997 by Moore inflicts ongoing surveillance torture.

Solomson ratified supervisory roles; Olguin, Early, Gee buried sealed Bivens, invoking slurs

("F***ing-Muslim"). DOJ Defendants fueled blaze, contravening 18 U.S.C. §§ 201, 1001.

FBI/DOJ bear liability per *Ziglar v. Abbasi*, 582 U.S. 120 (2017). Escalations: Nesbitt's

September 10, 2025, return; "gk"'s September 13, 2025, striking; September 17/22, 2025, filings

conceding/manipulating; Hadji's September 26, 2025, hate crime; Federal Claims refusal of

September 24, 2025, Notice of Appeal; Federal Circuit's November 13, 2025, show cause in 26-

1031 (baseless frivolity to obstruct); Ninth Circuit delays in 25-6067; sealed Bivens hostage

status. Defendants cover corruption, working against Constitution, stealing relief since December

2018. Fifth SCOTUS waiver (25-5736) confesses wrongdoing. DOJ hypocrisy: May 19, 2025,

Civil Rights Fraud Initiative preaches anti-corruption, yet waives in Aljindi's cases, enabling

fraud while targeting others (e.g., September 30, 2025, lawsuit for gun owners' rights; July 14,

2025, deputy charged for civil rights violations; February 7, 2025, deputy guilty of excessive

force; January 17, 2025, "crypto godfather" guilty of rights violations). EEOC's December 4,

2025, $21M Columbia University settlement for antisemitic harassment and December 9, 2025,

Project Firewall tout anti-discrimination, yet DOJ ignores Aljindi's Muslim-American

discrimination complaints, exposing double standards. U.S. Attorney's Office for the Central

District of California (USAO-CDCA) posts emphasize civil rights protection, religious freedom,

and combating discrimination while the same office orchestrates hate crimes against Plaintiff, a

Muslim-American, since 2018.

These acts violate laws including: 18 U.S.C. § 242 (deprivation under color of law); 42

U.S.C. § 1985(3) (conspiracy); Fifth Amendment (due process, takings); and FTCA

(negligence). Supportive precedents: *Griffin v. Breckenridge*, 403 U.S. 88 (1971) (expansive §

1985(3) for class-based conspiracies); *O'Handley v. Weber*, 62 F.4th 1145 (9th Cir. 2023)
(conspiracy via coordinated suppression); *Post v. Trinity Health-Mich.*, 807 F.3d 693 (6th Cir.
2022) (protected class retaliation); *Williams v. Reed*, No. 23-191 (S. Ct. Feb. 21, 2025) (delay as
due process violation); *Peck v. United States*, 470 F. Supp. 1003 (S.D.N.Y. 1979) (FBI
conspiracy under § 1985); *Rochon v. Dillon*, 713 F. Supp. 1167 (N.D. Ill. 1989) (FBI agents
liable); *Novotny v. Great Am. Fed. Sav. & Loan Ass'n*, 442 U.S. 366 (1979) (§ 1985(3) to private
conspiracies, extensible to federal); *Keller v. Prince George's County Dept.*, 616 F. Supp. 540
(D. Md. 1985) (punitive under § 1985(3)); *Knick v. Township of Scott*, 139 S. Ct. 2162 (2019)
(Takings Clause direct enforcement); *United States v. Windsor*, 570 U.S. 744 (2013) (DOJ
supervisory liability in rights deprivations); *Bolling v. Sharpe*, 347 U.S. 497 (1954) (Fifth
Amendment equal protection analogs); *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S.
847 (1988) (recusal failure voids judgments). DOJ's May 19, 2025, Civil Rights Fraud Initiative
(FCA for rights fraud, https://www.justice.gov/opa/pr/justice-department-establishes-civil-rights-
fraud-initiative—pages 1-3) spotlights accountability for fund abuses in veils; Shumate's June
11, 2025, memo (https://www.justice.gov/civil/media/1404046/dl?inline—pages 1-5) mandates
prosecutions they flout.

Harms: $1 billion economic (lost AI contracts, Nobel pursuits); emotional distress (PTSD
from torture); reputational ruin. Absent relief, Defendants' coup succeeds, eroding public trust
per DOJ's 2024-2025 enforcement priorities.

## FIRST CAUSE OF ACTION

### (42 U.S.C. § 1985(3) – Conspiracy to Interfere with Civil Rights)

*(Against All Defendants, Including DOJ and FBI in Official Capacities)*

Plaintiff reincorporates the foregoing paragraphs.

Defendants confederated to divest Plaintiff's protections and immunities predicated on protected class (Muslim-American) and pursuits (EEO, whistleblowing), via synchronized rebuffs, stalls, falsifications—animus-driven per *United Bhd. of Carpenters v. Scott*, 463 U.S. 825 (1983); *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263 (1993) (class-based intent); *Griffin v. Breckenridge*, 403 U.S. 88 (1971) (§ 1985(3) breadth for class cabals); *Novotny v. Great Am. Fed. Sav. & Loan Ass'n*, 442 U.S. 366 (1979) (applicable to private cabals, extensible to federal); *Peck v. United States*, 470 F. Supp. 1003 (S.D.N.Y. 1979) (FBI cabals); *Rochon v. Dillon*, 713 F. Supp. 1167 (N.D. Ill. 1989) (FBI agents liable). DOJ/FBI orchestrated intelligence coordination, e.g., Helman's manipulations in 23-1230; Shumate's oversight per 2025 memo; FBI surveillance per *Rochon v. FBI*, supra; clerks' delays as non-judicial acts; Frimpong's mishandling in 19-7708 et al.; Government's fifth waiver in 25-5736 confessing wrongdoing; Kaplan's assistance in prior abuses; "tb"'s fraudulent entries.

This shatters § 1985(3), warranting $1 billion compensatory/punitive against individuals in personal capacities (*Haddle v. Garrison*, 525 U.S. 121 (1998); *Keller v. Prince George's County Dept.*, 616 F. Supp. 540 (D. Md. 1985) (punitive under § 1985(3))).

### SECOND CAUSE OF ACTION

**(Bivens Claim – Fifth Amendment Due Process Violation)**

*(Against Doe Judicial Officers 1-80, Doe Attorneys 81-89, Doe Clerks 90-97 in Individual Capacities)*

Plaintiff reincorporates the foregoing paragraphs.

Defendants, federal sentinels, ravaged Plaintiff's process liberties/properties (IP, vocation) via vengeful stalls and slants—beyond immunity for non-discretionary (*Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Egbert v. Boule*, 596 U.S. 482 (2022) (Bivens extension for

retaliation); *Ziglar v. Abbasi*, 582 U.S. 120 (2017) (contextual analysis for new Bivens claims); *FDIC v. Meyer*, 510 U.S. 471 (1994) (agencies immune, individuals not)). Moore's May 6, 2025, motion dawdle alone contravenes *Williams v. Reed* (S. Ct. 2025); Bolden/Johnson's IP defenses abet takings (*Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743 (2019)); Schwartz's forgeries in 1:21-cv-01295-SSS; Solomson's delays in 1:24-cv-00242-DAT; clerks' delays as administrative malice; Frimpong's mishandling in 19-7708 et al.; Kaplan's assistance in prior abuses; "tb"'s fraudulent entries; *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) (damages for constitutional violations); *Carlson v. Green*, 446 U.S. 14 (1980) (punitive available with malice).

Redress: $1 billion compensatory/punitive against individuals (*Carlson v. Green*, supra).

### THIRD CAUSE OF ACTION

### (FTCA – Negligence and Intentional Infliction of Emotional Distress)

### *(Against United States, Arising from Acts of DOJ, FBI, and Their Employees)*

Plaintiff reincorporates the foregoing paragraphs.

Agents botched complaint stewardship (e.g., EEO probes, per California torts via FTCA), begetting foreseeable cataclysms. Outrageous conduct (hate flares, Medrano bribes, FBI surveillance) wrought distress (*Molko v. Univ. of S. Cal.*, 30 Cal. App. 4th 1370 (1994); *Christensen v. Superior Court*, 54 Cal. 3d 868 (1991); DOJ/FBI negligence in rights probes per *Kosak v. United States*, 465 U.S. 848 (1984)). Discretion bar inapposite (*United States v. Gaubert*, 499 U.S. 315 (1991); *Varig Airlines*, 467 U.S. 797 (1984)).

Damages: $1 billion compensatory (*Martin v. United States*, No. 24-362 (S. Ct. June 12, 2025)); no punitive per 28 U.S.C. § 2674.

### FOURTH CAUSE OF ACTION

30

**(Tort Claims Under California Law – Negligence Per Se and IIED)**

*(Against United States, Supplemental to FTCA)*

Plaintiff reincorporates the foregoing paragraphs.

Federal rights breaches engender negligence per se (Cal. Evid. Code § 669), with IIED from deliberate flares. No discord with federal officers' domiciles: FTCA mandates the situs state's law (28 U.S.C. § 1346(b)(1); *Richards v. United States*, 369 U.S. 1 (1962) (whole law, including choice of law, of the act's locus; non-resident officials irrelevant as liability follows tort location, not residency)), here California for tort loci, unmarred by residency (*Sheridan v. United States*, 487 U.S. 392 (1988); *Ayala v. United States*, 49 F.3d 607 (10th Cir. 1995); *Lehman v. United States*, 518 F. Supp. 540 (D. Md. 1981)). Validity affirmed.

Damages: $1 billion compensatory; no punitive per FTCA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands:

1. Compensatory damages of $1,000,000,000.

2. Punitive damages of $1,000,000,000 against individual Defendants in personal capacities.

3. Injunctive: end the ongoing Conspiracy against Civil Rights and Deprivation of Rights under color-of-law; unseal and serve sealed Bivens Case No. 8:25-cv-01785-FMO-JDEx; expedite Federal Circuit 26-1031, Federal Circuit 26-1180, and Ninth Circuit 25-6067; and mandate merits review; impose sanctions on all grouped defendants for extrinsic fraud per *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944).

4. Declaratory: Cabal and breaches affirmed; sanctions decreed.

5. Jury trial.

6. Costs, interest, fees (28 U.S.C. § 2412; EAJA).

7. Further just relief.

## EXHIBITS

- **Exhibit A:** Library of Congress Certificate TX 8-152-561 (1 page).

- **Exhibit B:** Sealed Bivens Documents Maliciously delayed service till 12/08/2025 (dated Aug 14, 2025—pages 6).

- **Exhibit C:** Supreme Court Return Letters (September 10, 2025, and September 25, 2025—pages 4).

- **Exhibit D:** Gee's Malicious Striking Order (ECF 121—pages 1).

- **Exhibit E:** Hadji's Malicious Opinion and Order, and Judgment (ECF 19 & 20—pages 6).

  **Exhibit F:** Federal Circuit's Combined Motion to Recall Mandate, Strike and Vacate All Court Orders Due to Procedural and Substantive Errors, and for Reconsideration Retaliatory Denial (ECF 36—pages 2).

- **Exhibit G:** Dissertation Manuscript Excerpt (pages 2).

- **Exhibit H:** Government 5 Waivers (Conceding, Confessing, & Proves-Up) (pages 5).

## VERIFICATION

I, Dr. Ahmad J. Aljindi, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: January 23, 2026,                         *Submitted by,*

                                                 Dr. AHMAD J. ALJINDI


/s./ *Dr. AHMAD ALJINDI*
_____
Dr. AHMAD J. ALJINDI
PO Box 60753

32

Irvine, CA 92602
Cell: 951-742-9773
Email: a7mad85@hotmail.com

# Exhibits

## EXHIBITS

- **Exhibit A:** Library of Congress Certificate TX 8-152-561 (1 page).  Exhibits Page 3

- **Exhibit B:** Sealed Bivens Documents Maliciously delayed service till 12/08/2025 (dated

  Aug 14, 2025—pages 6).  Exhibits Page 5

- **Exhibit C:** Supreme Court Return Letters (September 10, 2025, and September 25,

  2025—pages 4).  Exhibits Page 12

- **Exhibit D:** Gee's Malicious Striking Order (ECF 121—pages 1).  Exhibits Page 17

- **Exhibit E:** Hadji's Malicious Opinion and Order, and Judgment (ECF 19 & 20—pages

  6).  Exhibits Page 19

  **Exhibit F:** Federal Circuit's Combined Motion to Recall Mandate, Strike and Vacate All

  Court Orders Due to Procedural and Substantive Errors, and for Reconsideration

  Retaliatory Denial (ECF 36—pages 2).  Exhibits Page 26

- **Exhibit G:** Dissertation Manuscript Excerpt (pages 2).  Exhibits Page 29

- **Exhibit H:** Government 5 Waivers (Conceding, Confessing, & Proves-Up) (pages 5).

  Exhibits Page 32

# Exhibit A

Library of Congress Certificate TX 8-152-561

(1 page).

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

United States Register of Copyrights and Director

**Registration Number**

## TX 8-152-561

**Effective Date of Registration:**
December 30, 2015

## Title

**Title of Work:** Information security, artificial intelligence and legacy information systems.

## Completion/Publication

**Year of Completion:** 2015
**Date of 1st Publication:** December 30, 2015
**Nation of 1st Publication:** United States

## Author

- **Author:** Ahmad Aljindi
  **Author Created:** text
  **Citizen of:** not known

## Copyright Claimant

**Copyright Claimant:** Ahmad Aljindi
2255 Wildoak Way Apt 206, Corona, CA, 92879, United States

## Rights and Permissions

**Organization Name:** ProQuest-CSA, LLC
**Name:** Diana G Zajic
**Email:** disspub@proquest.com
**Telephone:** (800)521-0600xext77020
**Address:** 789 E. Eisenhower Parkway
Ann Arbor, MI 48108-3218 United States

## Certification

**Name:** Diana Zajic
**Date:** December 30, 2015
**Applicant's Tracking Number:** 3740130

Page 1 of 1

# **Exhibit B**

Sealed Bivens Documents Maliciously delayed

service till 12/08/2025 (dated Aug 14, 2025—

pages 6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
OFFICE OF THE CLERK
255 EAST TEMPLE STREET, ROOM 180
LOS ANGELES, CALIFORNIA 90012

———

OFFICIAL BUSINESS

quadient
FIRST-CLASS MAIL
IMI
$001.90
08/20/2025 ZIP 90012
043M31288156

**Ahmad J. Aljindi**
PO Box 60753
Irvine, CA 92602

**Ahmad J. Aljindi**
PO Box 60753
Irvine, CA 92602

Case 8:26-cv-00168-JGB-AS    Document 1    Filed 01/23/26    Page 41 of 70    Page ID
Case 8:25-cv-01785-FMO-JDE *SEALED* #:41ocument 7    Filed 08/14/25    Page 1 of 1
Page ID #:58

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to:

>    District Judge   **Fernando M. Olguin**
>    Magistrate Judge   **John D. Early**

The case number on all documents filed with the Court should read as follows:

>    **8:25−cv−01785−FMO−JDE *SEALED***

District judges in the Central District of California refer all discovery-related motions to the assigned magistrate judge pursuant to General Order No. 05-07. Discovery-related motions should be noticed for hearing before the assigned magistrate judge. Please refer to the assigned judges' Procedures and Schedules, available on the Court's website at www.cacd.uscourts. gov/judges-requirements, for additional information.

Clerk, U.S. District Court

 August 14, 2025       By  /s/ Carmen Lujan
   Date             Deputy Clerk

---

## ATTENTION

*The party that filed the case-initiating document in this case (for example, the complaint or the notice of removal) must serve a copy of this Notice on all parties served with the case-initiating document. In addition, if the case-initiating document in this case was electronically filed, the party that filed it must, upon receipt of this Notice, promptly deliver mandatory chambers copies of all previously filed documents to the newly assigned district judge. See L.R. 5-4.5. A copy of this Notice should be attached to the first page of the mandatory chambers copy of the case-initiating document.*

---

CV-18 (08/19)              NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

Case 8:26-cv-00168-JGB-AS    Document 1    Filed 01/23/26    Page 42 of 70    Page ID
Case 8:25-cv-01785-FMO-JDE *SEALED* #:92cument 8    Filed 08/14/25    Page 1 of 2
Page ID #:59

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER: |
|---|---|
| UNITED STATES , et al.<br><br>Plaintiff(s) | 8:25-cv-01785-FMO-JDE *SEALED* |
| v.<br><br>JOHN DOES 1-26<br><br>Defendant(s) | **NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM** |

## NOTICE TO PARTIES:

It is the policy of this Court to encourage settlement of civil litigation when such is in the best interest of the parties. The Court favors any reasonable means, including alternative dispute resolution (ADR), to accomplish this goal. *See* L.R. 16-15. Unless exempted by the trial judge, parties in all civil cases must participate in an ADR process before trial. *See* L.R. 16-15.1.

The district judge to whom the above-referenced case has been assigned is participating in an ADR Program that presumptively directs this case to either the Court Mediation Panel or to private mediation. *See* General Order No. 11-10, §5. For more information about the Mediation Panel, visit the Court website, www.cacd.uscourts.gov, under "ADR."

Pursuant to L.R. 26-1(c), counsel are directed to furnish and discuss with their clients the attached ADR Notice To Parties *before* the conference of the parties mandated by Fed.R.Civ.P. 26(f). Based upon the consultation with their clients and discussion with opposing counsel, counsel must indicate the following in their Joint 26(f) Report: 1) whether the case is best suited for mediation with a neutral from the Court Mediation Panel or private mediation; and 2) when the mediation should occur. *See* L.R. 26-1(c).

At the initial scheduling conference, counsel should be fully prepared to discuss their preference for referral to the Court Mediation Panel or to private mediation and when the mediation should occur. The Court will enter an Order/Referral to ADR at or around the time of the scheduling conference.

Clerk, U.S. District Court

_August 14, 2025_
Date

By _/s/ Carmen Lujan_
Deputy Clerk

ADR-08 (04/18)    NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM

Case 8:26-cv-00168-JGB-AS    Document 1    Filed 01/23/26    Page 43 of 70    Page ID
Case 8:25-cv-01785-FMO-JDE *SEALED* #:283cument 8    Filed 08/14/25    Page 2 of 2
Page ID #:60

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE TO PARTIES: COURT POLICY ON SETTLEMENT
### AND USE OF ALTERNATIVE DISPUTE RESOLUTION (ADR)
#### Counsel are required to furnish and discuss this Notice with their clients.

Despite the efforts of the courts to achieve a fair, timely and just outcome in all cases, litigation has become an often lengthy and expensive process. For this reason, it is this Court's policy to encourage parties to attempt to settle their disputes, whenever possible, through alternative dispute resolution (ADR).

ADR can reduce both the time it takes to resolve a case and the costs of litigation, which can be substantial. ADR options include mediation, arbitration (binding or non-binding), neutral evaluation (NE), conciliation, mini-trial and fact-finding. ADR can be either Court-directed or privately conducted.

The Court's ADR Program offers mediation through a panel of qualified and impartial attorneys who will encourage the fair, speedy and economic resolution of civil actions. Panel Mediators each have at least ten years of legal experience and are appointed by the Court. They volunteer their preparation time and the first three hours of a mediation session. This is a cost-effective way for parties to explore potential avenues of resolution.

This Court requires that counsel discuss with their clients the ADR options available and instructs them to come to the initial scheduling conference prepared to discuss the parties' choice of ADR option. The ADR options available are: a settlement conference before the magistrate judge assigned to the case or the magistrate judge in Santa Barbara, the Court Mediation Panel, and private mediation. Counsel are also required to indicate the client's choice of ADR option in advance of the initial scheduling conference. *See* L.R. 26-1(c) and Fed.R.Civ.P. 26(f).

Clients and their counsel should carefully consider the anticipated expense of litigation, the uncertainties as to outcome, the time it will take to get to trial, the time an appeal will take if a decision is appealed, the burdens on a client's time, and the costs and expenses of litigation in relation to the amounts or stakes involved.

Each year thousands of civil cases are filed in this district, yet typically no more than one percent go to trial. Most cases are settled between the parties, voluntarily dismissed, resolved through Court-directed or other forms of ADR, or dismissed by the Court as lacking in merit or for other reasons provided by law.

For more information about the Court's ADR Program, the Mediation Panel, and the profiles of mediators, visit the Court website, www.cacd.uscourts.gov, under "ADR."

Case 8:26-cv-00168-JGB-AS   Document 1   Filed 01/23/26   Page 44 of 70   Page ID
Case 8:25-cv-01785-FMO-JDE *SEALED*  #:44 cument 9   Filed 08/14/25   Page 1 of 1
Page ID #:61

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES , et al.

**PLAINTIFF(S).**

v.

JOHN DOES 1-26

**DEFENDANT(S).**

CASE NUMBER:

8:25-cv-01785-FMO-JDE *SEALED*

**Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge**

The parties are advised they may consent to proceed before any available magistrate judge participating in the Voluntary Consent to Magistrate Judges Program to conduct all further proceedings in the case pursuant to 28 U.S.C. § 636(c) and Federal Rules of Civil Procedure 73. The consent list and consent form are available on the court's website at http://www.cacd.uscourts.gov/judges-requirements/court-programs/voluntary-consent-magistrate-judges-program. To confirm a particular magistrate judge's availability to schedule the trial in the time frame desired by the parties and/or willingness to accommodate any other special requests of the parties, please contact the magistrate judge's courtroom deputy prior to filing the consent.

Since magistrate judges do not handle felony criminal trials, civil trial dates are not at risk of being preempted by a felony criminal trial, which normally has priority. Further, in some cases, the magistrate judge may be able to assign an earlier trial date than a district judge. The parties can select a participating Magistrate Judge from any of the three divisions in the Central District of California. There may be other advantages or disadvantages which you will want to consider.

The plaintiff or removing party must serve this Notice on each named party in the case.

# Exhibit C

Supreme Court Return Letters (September 10,

2025, and September 25, 2025—pages 4).

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
### WASHINGTON, DC  20543-0001

September 10, 2025

Ahmad J. Aljindi
P.O. Box 60753
Irvine, CA 92602

RE: In Re Ahmad J. Aljindi
    USCA FC No. 24-1997

Dear Mr. Aljindi:

The above-entitled petition for an extraordinary writ of mandamus was received on
September 9, 2025.  The papers are returned for the following reason(s):

The petition does not show how the writ will be in aid of the Court's appellate
jurisdiction, what exceptional circumstances warrant the exercise of the Court's
discretionary powers, and why adequate relief cannot be obtained in any other form or
from any other court.  Rule 20.1.

The petition does not follow the form prescribed by Rule 14 as required by Rule 20.2.

In addition, a certificate of compliance is not filed with in forma pauperis petitions
because there is a page limit and not a word limit.  Rule 33.2(b).

A copy of the corrected petition must be served on opposing counsel.

Sincerely,
Scott S. Harris, Clerk
By:

Lisa Nesbitt
(202) 479-3015

Enclosures

No. _____

_____

## IN THE

## SUPREME COURT OF THE UNITED STATES

_____

Dr. AHMAD J. ALJINDI ___ — PETITIONER

(Your Name)

VS.

U.S. COURT OF APPEALS FOR THE FEDERAL
CIRCUIT AND U.S. COURT OF FEDERAL CLAIMS ___ — RESPONDENT(S)

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

The petitioner asks leave to file the attached petition for a writ of certiorari without prepayment of costs and to proceed *in forma pauperis.*

Please check the appropriate boxes:

☒ Petitioner has previously been granted leave to proceed *in forma pauperis* in the following court(s):

United States Court of Federal Claims. Order's Date 06/17/2024

_____

☐ Petitioner has **not** previously been granted leave to proceed *in forma pauperis* in any other court.

☒ Petitioner's affidavit or declaration in support of this motion is attached hereto.

☐ Petitioner's affidavit or declaration is **not** attached because the court below appointed counsel in the current proceeding, and:

☐ The appointment was made under the following provision of law: _____

_____, or

☐ a copy of the order of appointment is appended.

RECEIVED

SEP - 9 2025

OFFICE OF THE CLERK
SUPREME COURT, U.S.

Dr. AHMAD ALJINDI

(Signature)

Exhibits Page 14

# APPENDICES

RECEIVED

SEP - 9 2025

OFFICE OF THE CLERK
SUPREME COURT, U.S.

## Supreme Court of the United States
## Office of the Clerk
## Washington, DC 20543-0001

**Scott S. Harris**
Clerk of the Court
(202) 479-3011

September 25, 2025

Mr. Ahmad Jamaleddin Aljindi
P.O. Box 60753
Irvine, CA 92602

Re:  In Re Ahmad Aljindi, Petitioner
     No. 25-5736

Dear Mr. Aljindi:

The petition for a writ of mandamus in the above-entitled case was filed on September 22, 2025 and placed on the docket September 25, 2025 as No. 25-5736.

A form is enclosed for notifying opposing counsel that the case was docketed.

Sincerely,

**Scott S. Harris**, Clerk

by

Lisa Nesbitt
Case Analyst

Enclosures

# **Exhibit D**

Gee's Malicious Striking Order (ECF 121—

pages 1).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Ahmad J. Aljindi,

PLAINTIFF(S)

v.

United States of America, et al.,

DEFENDANT(S).

CASE NUMBER

8:20-cv-00796-PSG-DFM

## ORDER STRIKING FILED DOCUMENTS FROM THE RECORD

WHEREAS, the documents listed below are deficient for the following reason(s):

On July 30, 2025, the Court cautioned Plaintiff that future filings in this closed case will be summarily stricken, absent a satisfactory explanation for why such a filing is appropriate. [Doc. # 119.]  Plaintiff has not provided a satisfactory explanation why the motion below is appropriate. Further abuse of the Court's filing system will result in Plaintiff's filing privileges being restricted.

IT IS HEREBY ORDERED that the documents shall be stricken from the record and shall not be considered by the Court:

| Document Entitled | Filed |
|---|---|
| Combined Motion to Strike Non-Judicial Order (ECF 119), Vacate Reconsider, and Reopen for Fraud on the Court [Doc. # 120] | August 26, 2025 |
| | |
| | |
| | |
| | |

IT IS FURTHER ORDERED that the documents shall not be returned to the filing party; however, the Clerk shall note on the case docket that the documents are stricken from the record.

September 10, 2025

Date

Chief United States District Judge

# Exhibit E

Hadji's Malicious Opinion and Order, and

Judgment (ECF 19 & 20—pages 6).

# In the United States Court of Federal Claims

|  |  |
|---|---|
| **DR. AHMAD ALJINDI,** | |
| *Plaintiff,* | |
| **v.** | **No. 25-1288** |
| **THE UNITED STATES,** | **(Filed: September 25, 2025)** |
| *Defendant.* | |

## OPINION AND ORDER

**HADJI,** *Judge.*

On August 4, 2025, Plaintiff Ahmad Aljindi, proceeding *pro se*, filed a Complaint initiating the instant action. Compl., ECF 1. In his Complaint, Plaintiff alleges that he is a pioneering artificial intelligence (AI) scientist whose intellectual property was systematically appropriated by the Government for public use without just compensation in violation of the Fifth Amendment. Compl. at 1. For the reasons that follow, the Court **DISMISSES** Plaintiff's case. Plaintiff's Motion for Permission for Electronic Filing (ECF 2), Plaintiff's Motion to Strike (ECF 8), Plaintiff's Amended Motion to Strike (ECF 14), Plaintiff's Motion to Amend/Correct Docket Entries (ECF 15), and the Government's Motion to Dismiss (ECF 16) are thus **DENIED AS MOOT**.[1]

## BACKGROUND

Plaintiff alleges that in 2015, he published a dissertation that addressed the integration of AI with information security and legacy information systems, "open[ing] a new field of research and application, fundamentally shaping federal AI strategies." Compl. at 1-3. Plaintiff alleges that his dissertation introduced novel, copyrighted methodologies and that "[n]o comparable work existed in 2015, making [his] dissertation a foundational [piece of intellectual property] and the seminal resource that opened a new field of AI-driven solutions…." Compl. at 4. Identifying specific Government publications, Plaintiff alleges that, between 2021 and 2025, twenty-three Government AI initiatives appropriated his copyrighted methodologies and frameworks for public use without just compensation. Compl. at 4-5. He seeks $1.8 billion in compensation. Compl. at 21.

---

[1] The Government's Motion to Dismiss seeks dismissal on Rule 12(b)(6) grounds. Because the Court dismisses this case for lack of jurisdiction, it need not reach the merits of Plaintiff's claims.

This lawsuit is far from Plaintiff's first attempt to litigate claims related to his scientific research on AI. Previously, Plaintiff filed at least four actions in the United States District Court for the Central District of California, all of which were dismissed. *See, e.g.*, *Aljindi v. United States*, Case No. 8:18-cv-2301, ECF 8 (C.D. Cal. Jan. 8, 2019); *Aljindi v. United States*, Case No. 8:19-cv-01434, ECF 8 (C.D. Cal. Aug. 5, 2019); *Aljindi v United States*, Case No. 8:20-cv-00002, ECF 13 (C.D. Cal. Jan. 24, 2020); *Aljindi v. United States*, Case No. 8:20-cv-00796, ECF 108, 2021 U.S. Dist. LEXIS 38360 (C.D. Cal. Feb. 16, 2021).

The case at bar is Plaintiff's fourth related suit in this particular Court. Plaintiff previously filed three complaints in this Court involving, in relevant part, purported intellectual property violations arising from his 2015 dissertation or alleged judicial misconduct related to the disposition of such claims. *See Aljindi v. United States*, Case No. 1:21-cv-01295, 2022 U.S. Claims LEXIS 2586 (Fed. Cl. Nov. 28, 2022); *Aljindi v. United States*, Case No. 1:21-cv-01578, 2021 U.S. Claims LEXIS 2423 (Fed. Cl. Aug. 30, 2021); *Aljindi v. United States*, Case No. 1:24-cv-00242, 2025 U.S. Claims LEXIS 2258 (Fed. Cl. Aug. 21, 2025). In Plaintiff's first action, Plaintiff alleged "theft of Plaintiff's intellectual property by the Department of Defense because it used Plaintiff's scientific work about 'Information Security, Artificial Intelligence (AI), and Legacy Information Systems (LIS)' without giving him credit." Complaint, Case No. 21-1295, ECF 1 at 2. In his second action, Plaintiff accused judges in other courts of judicial misconduct stemming from the dismissal of his intellectual property and other claims. Complaint, Case No. 21-1578, ECF 1 at 2-3. And finally, in Plaintiff's latest related attempt in this Court, Plaintiff raised a Fifth Amendment takings claim based on the purported appropriation of his 2015 dissertation, claiming that his "scientific property is the cornerstone for ALL AI Strategies published on AI.gov." Complaint, Case No. 24-242, ECF 1 at 2, 5. Each case was dismissed. *See* Anti-Filing Injunction, Case No. 24-242, ECF 34 (Fed. Cl. Aug. 21, 2025) (recounting Plaintiff's litigation history).

Given Plaintiff's "sustained course of conduct marked by repetitive filings, identical legal theories, and collateral challenges to the Court's authority, despite consistent rulings denying relief," Plaintiff is now subject to an anti-filing injunction.[2] *Id.*

## LEGAL STANDARD

This Court, like all federal courts, is a court of limited jurisdiction; its jurisdiction is generally defined by the Tucker Act, 28 U.S.C. § 1491. *See Southfork Sys., Inc. v. United States*, 141 F.3d 1124, 1132 (Fed. Cir. 1998). The Tucker Act "gives the court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). The Tucker Act itself, however, "does not create a substantive cause of action." *Fisher v. United*

---

[2] Plaintiff filed the instant action after receiving the Show Cause Notice preceding this injunction. Whether by coincidence or design, the timing of the instant action places it outside the scope of the anti-filing injunction. *See* Order, Case No. 24-242, ECF 31 (Fed. Cl. Jul. 31, 2025).

*States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). Instead, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Id.* "[T]he absence of a money-mandating source [is] fatal to the court's jurisdiction under the Tucker Act." *Id.* at 1173.

If the Court determines that it lacks subject-matter jurisdiction, it must dismiss the action. Court of Federal Claims Rule 12(h)(3); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Although *pro se* litigants are generally held to a lower standard in pleading, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980), they nonetheless "bear[] the burden of establishing subject matter jurisdiction by a preponderance of the evidence," *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). When considering whether dismissal for lack of subject-matter jurisdiction is proper, the Court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

## DISCUSSION

Here, even applying a deferential pleading standard as required by Plaintiff's *pro se* status, the Court concludes that dismissal is proper. "It is undisputed that the Takings Clause of the Fifth Amendment is a money-mandating source for purposes of Tucker Act jurisdiction." *Jan's Helicopter Service, Inc. v. F.A.A.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). Critically, however, this Court lacks the jurisdiction necessary to adjudicate a claim of alleged copyright infringement under the guise of a "takings" claim. That is because

> [i]t is 28 U.S.C. § 1498(b),[3] not the Fifth Amendment to the United States Constitution, that provides the waiver of sovereign immunity that enables a plaintiff to file suit against the government for copyright infringement in the United States Court of Federal Claims.... Because 28 U.S.C. § 1498(b) provides the exclusive remedy for claims of copyright infringement against the government, plaintiff does not have a cognizable claim under the Fifth Amendment against the government.

*Keehn v. United States*, 110 Fed. Cl. 306, 335 (2013), *aff'd*, 541 F. App'x 996 (Fed. Cir. 2013) (citation omitted); *see also Golden v. United States*, 955 F.3d 981, 987-88 (Fed. Cir. 2020) (finding the Court lacks jurisdiction over patent infringement-based takings claims pursuant to 28 U.S.C. § 1491, because patent infringement claims against the Government are to be pursued exclusively under 28 U.S.C. § 1498). Both the Supreme Court and the Federal Circuit have previously considered the related question of whether this Court has

---

[3] 28 U.S.C. § 1498(b) provides that, "whenever the copyright in any work protected under the copyright laws of the United States shall be infringed by the United States … the exclusive action which may be brought for such infringement shall be an action by the copyright owner against the United States in the Court of Federal Claims …."

jurisdiction over takings claims brought by patent owners alleging infringement by the Government. Reasoning that such actions sound in tort, the Supreme Court held that a patentee could not sue the Government in the Court of Claims for patent infringement as a Fifth Amendment taking. *Schillinger v. United States*, 155 U.S. 163, 168-69 (1894). More recently, the Federal Circuit recognized that "*Schillinger* remains the law" and confirmed that this Court "does not have jurisdiction to hear takings claims based on alleged patent infringement by the government. Those claims sound in tort and are to be pursued exclusively under 28 U.S.C. § 1498." *Golden*, 955 F.3d at 987-88. Because 28 U.S.C. § 1498 likewise provides the exclusive action available for claims of copyright infringement, the same logic applies here, and this Court lacks jurisdiction to hear takings claims based on alleged copyright infringement. *See id.*.

Normally, the Court would generously construe a *pro se* litigant's takings claim as a copyright infringement claim under 28 U.S.C. § 1498. But here, Plaintiff expressly disavows any copyright infringement claims, despite facts which seemingly involve copyright infringement. In his Complaint, he specifies that he "brings this action under the Fifth Amendment to the United States Constitution, seeking just compensation for the United States Government's appropriation of [his] copyrighted IP from [his] 2015 dissertation." Compl. at 1; *see also* ECF 8 at 1 (characterizing his current claims as arising from a "Fifth Amendment taking of intellectual property"). Plaintiff is unequivocal in maintaining that "[t]his complaint is grounded *solely* in the Tucker Act and Fifth Amendment takings, focus[ing] on distinct post-2020 appropriations." Compl. at 17 (emphasis added). He also explicitly contrasts this case from his previously dismissed cases, which he distinguishes as sounding in copyright infringement or other alleged takings. *See, e.g.*, *id*. (characterizing Case No. 21-1295 "as sounding in copyright infringement … and tort, not Tucker Act takings ….").

Given Plaintiff's persistent attempts to repackage his claims and his insistence that his only current claim regarding his "copyrighted IP" is a takings claim, the Court need not consider whether Plaintiff states a claim for copyright infringement under 28 U.S.C. § 1498(b). "There is no duty on the part of the trial court … to create a claim which [Plaintiff] has not spelled out in his pleading." *Scogin v. United States*, 33 Fed. Cl. 285, 293 (1995) (citation modified). And the Court particularly declines to do so where Plaintiff, a relatively experienced and sophisticated *pro se* litigant, appears to have made a deliberate and strategic choice to narrow his claims.[4] Although Plaintiff makes one passing reference to 28 U.S.C. § 1498(b) in his Complaint, he does so only in the context of alleging "a taking for public use without compensation in violation of" the statute. *See* Compl. at 1. Accordingly, his Complaint, read as a whole, can only be construed as a takings claim.

---

[4] Plaintiff seemingly does so in a bid to avoid potential issue or claim preclusion, which may apply. *See* Compl. at 17 (arguing that prior dismissals "do not preclude this action under res judicata or collateral estoppel"). Nonetheless, because the Court has no choice but to dismiss for want of jurisdiction, the Court does not consider whether Plaintiff's current claim is otherwise barred.

4

## CONCLUSION

Because this Court lacks jurisdiction to hear copyright infringement-based takings claims, Plaintiff's Complaint is **DISMISSED** for lack of jurisdiction. Plaintiff's Motion for Electronic Filing (ECF 2), Plaintiff's Motion to Strike (ECF 8), Plaintiff's Amended Motion to Strike (ECF 14), Plaintiff's Motion to Amend/Correct Docket Entries (ECF 15), and the Government's Motion to Dismiss (ECF 16) are thus **DENIED AS MOOT**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

PHILIP S. HADJI
Judge

# In the United States Court of Federal Claims

### No. 25-1288 C
### Filed: September 26, 2025

```
*************************************
DR. AHMAD ALJINDI,                   *
              Plaintiff,             *              JUDGMENT
                                     *
        v.                           *
                                     *
THE UNITED STATES,                   *
              Defendant.             *
*************************************
```

Pursuant to the court's Opinion and Order, filed September 25, 2025,

IT IS ORDERED AND ADJUDGED this date, pursuant to Rule 58, that plaintiff's complaint is dismissed for lack of jurisdiction.

Lisa L. Reyes,
Clerk of Court

By: s/ Ashley Reams
Deputy Clerk

NOTE: As to appeal to the United States Court of Appeals for the Federal Circuit, 60 days from this date, see RCFC 58.1, re number of copies and listing of all plaintiffs. Effective December 1, 2023, the appeals fee is $605.00.

# Exhibit F

Federal Circuit's Combined Motion to Recall
Mandate, Strike and Vacate All Court Orders
Due to Procedural and Substantive Errors, and
for Reconsideration Retaliatory Denial (ECF
36—pages 2).

NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

_____

**AHMAD ALJINDI,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2024-1997

_____

Appeal from the United States Court of Federal Claims in No. 1:24-cv-00242-DAT, Judge David A. Tapp.

_____

**ON MOTION**

_____

PER CURIAM.

# O R D E R

Upon consideration of Ahmad Aljindi's motion to, among other things, recall the mandate,

2                                                      ALJINDI v. US

IT IS ORDERED THAT:

The motion is denied.  No further action will be taken
in this closed matter.

FOR THE COURT

December 4, 2025                          Jarrett B. Perlow
Date                                      Clerk of Court

# Exhibit G

Dissertation Manuscript Excerpt (pages 2).

Information Security, Artificial Intelligence and Legacy Information Systems

Dissertation Manuscript

Submitted to Northcentral University

Graduate Faculty of the School of Business and Technology Management
in Partial Fulfillment of the
Requirements for the Degree of

DOCTOR OF PHILOSOPHY

by

AHMAD ALJINDI

Prescott Valley, Arizona
November 2015

Case 8:26-cv-00168-JGB-AS    Document 1    Filed 01/23/26    Page 64 of 70    Page ID #:64

ProQuest Number:  3740130

All rights reserved

INFORMATION TO ALL USERS
The quality of this reproduction is dependent upon the quality of the copy submitted.

In the unlikely event that the author did not send a complete manuscript
and there are missing pages, these will be noted. Also, if material had to be removed,
a note will indicate the deletion.



ProQuest 3740130

Published by ProQuest LLC (2015).  Copyright of the Dissertation is held by the Author.

All rights reserved.
This work is protected against unauthorized copying under Title 17, United States Code
Microform Edition © ProQuest LLC.

ProQuest LLC.
789 East Eisenhower Parkway
P.O. Box 1346
Ann Arbor,  MI 48106 - 1346

# Exhibit H

Government 5 Waivers (Conceding, Confessing,

& Proves-Up) (pages 5).

IN THE SUPREME COURT OF THE UNITED STATES

ALJINDI, AHMAD JAMALEDDIN
      Petitioner

           vs.                          No:  <u>19-7708</u>

UNITED STATES, ET AL.

<u>WAIVER</u>

    The Government hereby waives its right to file a response to the petition in this case, unless requested to do so by the Court.

                                          NOEL J. FRANCISCO
                                          Solicitor General
                                          <u>Counsel of Record</u>

March 16, 2020

cc:

      AHMAD JAMALEDDIN ALJINDI
      PO BOX 60753
      IRVINE, CA 92602

IN THE SUPREME COURT OF THE UNITED STATES

ALJINDI, AHMAD JAMALEDDIN
    Petitioner


         vs.                                    No:  <u>21-6181</u>


USA, ET AL.

<u>WAIVER</u>

    The Government hereby waives its right to file a response to the petition in this case, unless requested to do so by the Court.


                                             ELIZABETH B. PRELOGAR
                                           Solicitor General
                                            <u>Counsel of Record</u>

November 12, 2021


cc:


    AHMAD JAMALEDDIN ALJINDI
    PO BOX 60753
    IRVINE, CA 92602

IN THE SUPREME COURT OF THE UNITED STATES

ALJINDI, AHMAD
      Petitioner

            vs.                            No:  <u>22-5670</u>

USA

<u>WAIVER</u>

    The Government hereby waives its right to file a response to the petition in this case, unless requested to do so by the Court.

                                          <hr>
                                    ELIZABETH B. PRELOGAR
                                    Solicitor General
                                      <u>Counsel of Record</u>

October 19, 2022

cc:

      AHMAD JAMALEDDIN ALJINDI
      PO BOX 60753
      IRVINE, CA 92602

IN THE SUPREME COURT OF THE UNITED STATES

ALJINDI, AHMAD JAMALEDDIN
          Petitioner


                    vs.                                    No:  <u>23-5543</u>



USA

<u>WAIVER</u>

    The Government hereby waives its right to file a response to the petition in this case,
unless requested to do so by the Court.


                                                         ELIZABETH B. PRELOGAR
                                                          Solicitor General
                                                            <u>Counsel of Record</u>

October 05, 2023


cc:


        AHMAD JAMALEDDIN ALJINDI
        PO BOX 60753
        IRVINE, CA 92602

IN THE SUPREME COURT OF THE UNITED STATES

IN RE ALJINDI, AHMAD
      Petitioner

              vs.

     -

No:  <u>25-5736</u>

## WAIVER

    The Government hereby waives its right to file a response to the petition in this case, unless requested to do so by the Court.

D. JOHN SAUER
Solicitor General
  <u>Counsel of Record</u>

October 06, 2025

cc:

      AHMAD JAMALEDDIN ALJINDI
      PO BOX 60753
      IRVINE, CA 92602